IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                         Case Nos.:      3:07cr145/MCR/EMT
                                                          3:11cv432/MCR/EMT

ROGELIO GALVAN CHAVEZ

_____

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct
Sentence Pursuant to 28 U.S.C. § 2255 (doc. 294).  The Government has filed a response (doc. 304),
and Defendant has filed a reply (doc. 308).  The case was referred to the undersigned for the issuance
of all preliminary orders and any recommendations to the district court regarding dispositive matters.
*See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful
review of the record and the arguments presented, it is the opinion of the undersigned that Defendant
has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.
*See* Rules 8(a) and (b), Rules Governing Section 2255 Proceedings.

### PROCEDURAL BACKGROUND[1]

Defendant was charged in four counts of a nineteen-count indictment with conspiracy to
possess with intent to distribute and to distribute five kilograms or more of cocaine and 500 grams or
more of methamphetamine ("Count One"); conspiracy to use a communication device to facilitate a
felony ("Count Two"); harboring an illegal alien for financial gain in violation of 8 U.S.C.
§ 1324(a)(1)(A) and (B) ("Count Three"); and aiding and abetting the possession of a firearm by an
illegal alien in violation of 18 U.S.C. § 922(g)(5)(A) ("Count Six").

_____

[1] Detailed statements of facts describing the offense conduct are set forth in the Presentence Investigation
Report ("PSR") (doc. 304, exh. A) and transcripts from the proceedings and will be set forth herein only as necessary.

As reflected in the PSR, based on recorded telephone conversations, law enforcement determined that Defendant and others were part of an organized crime group distributing drugs in the Northern District of Florida. Defendant was primarily responsible for cocaine, but he also distributed methamphetamine and marijuana.  Defendant, Galvan Chavez, owned and operated three Cancun's Mexican Grill restaurants during the time frame of the conspiracy, and he employed all but one of the coconspirators, all of whom (with the exception of Galvan Chavez) were in the United States illegally.

 Represented by retained counsel, Michale J. Griffith, Esq., Defendant pleaded not guilty and proceeded to trial.  Three co-defendants entered pleas of guilty, reserving the right to have a bench trial requiring proof beyond a reasonable doubt of the quantity of drugs attributable to them, and the remaining five defendants entered unconditional pleas of guilty.  At trial, counsel for defendants Bazques, Orosco and Esquivel offered no opening statements, closing arguments, testimony or evidence, but did cross examine Government witnesses about matters related to drug quantity. Defendant Galvan Chavez participated fully in all aspects of the trial and testified in his own behalf. The jury, whose verdict pertained to Galvan Chavez only, found him guilty as charged on all four counts.  Additionally, the jury specifically found that the offense conduct involved five kilograms or more of cocaine or five hundred grams or more of methamphetamine (doc. 127 at 1).

The PSR held Defendant accountable for 52 kilograms of cocaine (PSR ¶¶ 99, 118). Additionally, he received a two-level upward adjustment for the possession of a dangerous weapon, a four-level upward adjustment for his role in the offense, and a two-level upward adjustment for obstruction of justice, for a total offense level of 44 (PSR ¶¶ 119–135).[2] Defendant's criminal history category was I (PSR ¶ 141).  The applicable guidelines term was life imprisonment (PSR ¶ 169).

Both Defendant's trial counsel and his retained appellate counsel appeared at sentencing, although appellate counsel appeared merely to observe the proceedings (doc. 242 at 3–4).  The defense noted that Defendant had denied his involvement in any kind of a drug conspiracy and objected to the leadership role, the alleged obstruction of justice, and the drug weight attributed to him (*id.* at 5–6). The defense urged the court to disregard the testimony of two jailhouse informants as lacking in credibility and sentence Defendant to a term of imprisonment in the range of twenty years (*id.* at 12,

---

[2] Defendant's adjusted offense level of 44 on the grouped offenses charged in Counts One, Two, and Six was not affected by the guidelines calculations with respect to Count Three (PSR ¶¶ 130–134).

30–33).  It also presented objections to each of the adjustments applied in Defendant's case, and the court overruled these objections in turn.  The court sentenced Defendant to a term of life imprisonment on Count One, forty-eight (48) months imprisonment on Count Two, and one hundred twenty (120) months imprisonment on Counts Three and Six, with all terms to run concurrent with each other (*id.* at 34; doc. 172).

Defendant appealed, claiming that the district court's refusal to grant his motion for a severance denied his right to a fair trial.  He also challenged the court's refusal to grant a mistrial, the sufficiency of the evidence as to his guilt, and the reasonableness of his sentence.  The Eleventh Circuit affirmed his convictions and sentences (doc. 290).

Defendant raises three grounds for relief in his § 2255 motion, and each relates to the type and kind of drugs attributable to him.  He included an additional four claims in his supporting memorandum of law, and he attempted to raise six additional claims in an addendum to his traverse. The Government opposes the motion in its entirety.

LEGAL ANALYSIS

General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684

(11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n.14 (quoting Mills, 36 F.3d at 1055).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Franklin, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  In applying Strickland, the court may dispose

of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; see also Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); see also Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531

U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test.  *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313.  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.  Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"  Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).  The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an

evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

### Ground One

Defendant first contends that the district court's determination of the quantity of drugs attributed to him violated his fifth and sixth amendment rights.  As noted above, the jury found Defendant guilty of conspiring to possess with intent to distribute five kilograms or more of cocaine and five hundred grams or more of methamphetamine.  Defendant argues that the term of imprisonment applicable to the jury-determined quantity of drugs is less than life imprisonment.   Defendant's argument is mistaken.  Title 21 U.S.C. § 841(b) provides that a person convicted of an offense involving five kilograms or more of a mixture and substance containing cocaine or five hundred grams or more of a mixture and substance containing methamphetamine shall be sentenced to a term of imprisonment of not less than ten years or more than life.  Under the now-advisory sentencing guidelines regimen, "judicial fact-finding about relevant conduct that supports a sentence within the statutory maximum set forth in the United States Code does not violate the Sixth Amendment."  United States v. Belfast, 611 F.3d 783, 827 (11th Cir. 2010) (citing United States v. Booker, 543 U.S. 220, 233 (2005); United States v. Chau, 426 F.3d 1318, 1324 (11th Cir. 2005)).   The district court considered and relied upon evidence presented at trial in order to determine both the drug quantity attributable to Defendant and other sentencing enhancements.  See United States v. Louis, 559 F. 3d 1220, 1224 (11th Cir. 2009); United States v. Polar, 369 F.3d 1248, 1255 (11th Cir. 2004). Defendant's rights were not violated and he is not entitled to relief.

### Ground Two

Defendant contends that trial counsel was constitutionally ineffective because he failed to present expert testimony regarding drug quantity and substance.  Defendant appears to contend that the agents who testified about the drugs failed to testify about the weight of the "cut" which would have

made a substantial difference in the amount of drugs attributable to him.  Again, Defendant's argument has no basis in law.  The language of the statute takes "cut" into account, in that penalties apply to offenses involving "5 kilograms or more of *a mixture or substance containing a detectable amount of* cocaine."  21 U.S.C. § 841(b)(1)(A)(ii)(II) (emphasis added).  The jury verdict tracked the language of the statute and the verdict thus reflected that the jury found beyond a reasonable doubt that the conspiracy in this case involved "five (5) kilograms or more of a mixture and substance containing cocaine" (doc. 130 at 1).  Defendant's assertion that counsel was constitutionally ineffective because he failed to offer expert testimony on the issue of the use of "cut" is without merit.  Furthermore, the quantity of drugs attributed to Defendant was based not on seized drugs, but rather on his statements to others and the testimony of co-conspirators.  Thus, there was no basis for counsel to use expert testimony to establish drug weight in this case.  Defendant has not shown counsel was constitutionally ineffective and he is not entitled to relief on this ground.

Ground Three

Defendant contends that appellate counsel was constitutionally ineffective for failing to raise on appeal the claim raised in Ground Two of this motion. To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court may consider the merits of the issues the defendant alleges counsel was derelict in not raising on appeal.  Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988); Reutter v. Secretary for Dept. of Corrections, 232 F. App'x 914, 917 (11th Cir. 2007) (determining that counsel's decision not to raise a particular argument on appeal, in light of his having raised several important claims, was likely a strategic decision to "winnow out weaker arguments").  Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit."  United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citing Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984); *see also* Brown v. United States, 720 F.3d 1316, 1335 (11th Cir. 2013);  Pacheco v. Dugger, 850 F.2d 1493, 1495 (11th Cir. 1988).   Because the claim raised in Ground Two of this motion has no merit, appellate counsel was not constitutionally ineffective for his failure to raise it on appeal.

Ground Four

Defendant asserts that trial counsel was ineffective for failing to challenge the trial court's orders of forfeiture.  After the jury's verdict, Defendant agreed on the record to forfeit his restaurant,

and in exchange the Government agreed not to seek forfeiture of any funds from Defendant (doc. 235 at 267, 270–271). Defendant now asserts that he was unaware that the forfeiture of his property was an aspect of his punishment and that he had the right to challenge and appeal same. Although he asserts that counsel was constitutionally ineffective for his failure to challenge the forfeiture orders, Defendant offers no factual or legal basis for such a challenge, and his bare, conclusory assertion is insufficient to establish prejudice or his entitlement to relief.

Defendant also asserts within this same ground for relief that had he been aware that forfeiture was part of the criminal punishment, he would have attempted to secure a plea bargain. The record is abundantly clear that Defendant maintained his innocence throughout the proceedings, and thus it is highly improbable that the district court could have accepted a guilty plea from him. Before accepting a guilty plea, Rule 11 of the Federal Rules of Criminal Procedure requires that the court determine that the plea is voluntary and that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(2) and (3). This typically requires an admission of guilt (*cf.* North Carolina v. Alford, 400 U.S. 25, 38 & n.10 (1970) (finding no constitutional error in a court accepting a guilty plea from a defendant who maintains his innocence so long as there is a factual basis for the plea)). A defendant has no absolute right under either the Constitution or Fed. R. Crim. P. 11 to have his guilty plea accepted by the court, and the court is within its discretion to refuse to accept such a plea. United States v. Dykes, 244 F. App'x 296, 298 (11th Cir. 2007) (citing United States v. Gomez-Gomez, 822 F.2d 1008, 1010 (11th Cir. 1987)). When a defendant casts doubts upon the validity of his guilty plea by protesting his innocence or by making exculpatory statements, the court may resolve such doubts against acceptance of the plea. Gomez-Gomez, 822 F.2d at 1011. Defendant cannot show prejudice because he cannot show that the district court would have accepted an Alford plea in his case. *See* Pericles v. United States, No. 12-14505, 2014 WL 2198514 (11th Cir. May 28, 2014) (citing Gomez-Gomez, 822 F. 2d at 1011 ("though a judge may enter judgment upon a guilty plea offered under [Alford], he is not required to do so.")). Second, an assertion that Defendant would have entered an Alford plea is merely an unsupported "after the fact" statement, insufficient to establish prejudice. Pericles, 2014 WL 2198514, at *5 (citing Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991)). Defendant is not entitled to relief on this ground.

Ground Five

As his fifth ground for relief, Defendant contends that appointed counsel was ineffective in part for taking on too many cases. Defendant had retained counsel both at trial and on appeal and this argument has no relevance to his case.

Ground Six

Defendant next contends that trial counsel was ineffective for failing to object to the disparity among the sentences imposed on various co-defendants in this case. Defendant claims that the other co-defendants were "just as culpable" as he was, but that he received a longer sentence. He also asserts that his sentence was substantively unreasonable. The reasonableness of Defendant's sentence was litigated on appeal and may not be relitigated herein. Rozier, 701 F.3d at 684; Nyhuis, 211 F.3d at 1343; Mills, 36 F.3d at 1056. Defendant's claim that there were "sentencing disparities" among the co-defendants' sentences is unfounded. Defendant received guidelines adjustments for his leadership role and obstruction of justice and, as is apparent from the Eleventh Circuit's discussion of the various defendants' sentencing factors on appeal, Defendant was not similarly situated to the other defendants. Defendant's claim is both procedurally barred and without merit.

Ground Seven

Defendant's final ground for relief is that trial counsel was constitutionally ineffective because he failed to use 18 U.S.C. § 3006A(e) to obtain the expert services of a "translator and voice expert or other expert witness." Defendant's reliance on 18 U.S.C. § 3006A is, again, legally misplaced, as he was represented by retained counsel. Factually, Defendant again offers nothing but abject speculation that such expert services would have resulted in a different outcome in this case. As such, he has failed to show prejudice or his entitlement to relief.

Defendant's Supplemental Brief to Amend

Appended to Defendant's traverse is an attachment captioned "Supplemental Brief to Amend 28 U.S.C. Motion to Vacate, Set Aside or Correct Sentence, Pursuant to Ineffective Assistance of Counsel and Actual Innocence Claim Base on Rule 15(a)" (doc. 308 at 6–16). Therein he seeks to raise additional claims challenging (1) the sufficiency of the evidence; (2) the Government's alleged Brady violations; (3) the use of jailhouse informants to establish drug quantity; (4, 5) the Government's alleged use of perjured testimony to secure a conviction and counsel's failure to file an interlocutory appeal on this issue; and (6) the validity of his sentence under Blakey, due to the fact

that he was not charged with the conduct forming the basis for sentencing enhancements.  The Government has moved to strike Defendant's supplemental/amended assertions, noting that they are either time barred or, to the extent they are intended to illuminate previous grounds, they do not alter the analysis of Defendant's original claims.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section.  Due to the nature of Defendant's claims, the fact that the statute of limitations has expired is not reasonably in dispute.  Therefore, only if the new amended claims relate back in time to the initial petition may they be considered on their merits.  In Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000), the court held that in order to relate back, claims in an amended or supplemental § 2255 motion must arise from the same set of facts as the original claims, not from separate conduct and occurrences in both time and type.  *See also* Mayle v. Felix, 545 U.S. 654, 664 (2005) (if the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order; a ground for relief supported by facts that differ in both time and type from those in the original pleading will not relate back); Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003); Dean v. United States, 278 F.3d 1218 (11th Cir. 2002); Mandacina v. United States, 328 F.3d 995, 1000–01 (8th Cir. 2003); United States v. Espinoza-Saenz, 235 F.3d 501, 503–05 (10th Cir. 2000); United States v. Pittman, 209 F.3d 314 (4th Cir. 2000); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999).  The fact that the alleged errors arose from the same trial and conviction is insufficient.  Mayle, 545 U.S. at 650.  And, even claims of ineffective assistance of counsel which arose from separate conduct and occurrences in both time and type do not relate back.  Davenport, 217 F.3d at 1346; Farris, 333 F.3d at 1215; *see also* United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999); Duffus, 174 F.3d at 337; United States v. Pittman, 209 F.3d 314 (4th Cir. 2000).  In Craycraft, a defendant filed a timely § 2255 motion alleging ineffective assistance of counsel for failure to pursue a downward departure and for failure to object to the type of drugs at issue.  167 F.3d at 456–57.  In his proposed amendment, the defendant sought to add a claim that his counsel failed to file an appeal as instructed. The Eighth Circuit found that the proposed amendment did not relate back and therefore was time-barred.  *Id.* at 457.  In United States v. Duffus, a defendant asserted several ineffective assistance of counsel claims in his original motion, and in the proposed amended claim alleged his counsel failed to move to suppress evidence.

174 F.3d at 335.  The Third Circuit found that the amended claim was completely new, and thus "could not be deemed timely under the 'relation back' provisions of Fed. R. Civ. P. 15(c)."  *Id*. at 337.

None of Defendant's six proposed new claims squarely relate back to the seven claims he originally raised.  The three claims alleging Governmental misconduct are clearly unrelated to any of the previous claims and are time barred.  No Blakely argument was mentioned in the initial motion, nor did Defendant attempt to contest the application of the sentencing enhancements.  Defendant's challenge to the use of the testimony of the jailhouse informants, while couched as a constitutional violation, is more akin to a sufficiency of the evidence claim in that Defendant asserts that the testimony of these two men was not credible and thus was insufficient to convict him and to determine the drug weight attributable to him.  Even if this claim and his other proposed sufficiency of the evidence claims related back to his initial filing, these claims are procedurally barred.  The sufficiency of the evidence was litigated on direct appeal adversely to Defendant.  Therefore, Defendant's "Supplemental Brief to Amend," construed as a motion to amend, should be denied and the Government's motion to strike should be denied as moot.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2255 Proceedings.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000)

(explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Accordingly, it is **ORDERED**:

1.      Defendant's "Supplemental Brief to Amend" (doc. 308 at 6–16), construed as a motion to amend, is **DENIED**.

2.      The Government's Motion to Strike the Defendant's Supplemental/Amended Assertions to his 28 U.S.C. § 2255 Petition (doc. 309) is **DENIED as moot**.

And, based on the foregoing, it is respectfully **RECOMMENDED**:

1.      Defendant's  motion to vacate, set aside, or correct sentence (doc. 294) be **DENIED**.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 23<u>rd</u> day of June 2014.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**