UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v().   Case No.:   3:07cr145/MCR

ROGELIO GALVAN CHAVEZ.
_____/

## ORDER

This matter is before the Court on Defendant Rogelio Galvan Chavez's motion for compassionate release, based on his health conditions (obesity, former smoker) and the COVID-19 pandemic.  *See* ECF No. 324.  Having fully considered the applicable law, the record, and the parties' arguments, Chavez's motion is denied.

On this record, the Court agrees with the Government that Chavez's motion has been rendered moot because his medical records from the Bureau of Prisons ("BOP") establish that he tested positive for the virus in late 2020.  He was immediately quarantined, and recovered by December 8, 2020.  *See* ECF No. 325-1.  There is no evidence that Chavez suffered severe complications from the virus or that his condition ever became critical.  To the contrary, BOP medical personnel observed that he was "not severely immunocompromised and did not have a severe illness requiring hospitalization."  *Id.* at 2.  There is no evidence that the Bureau of Prisons did not adequately monitor and manage Chavez's care.  Under these

circumstances, courts have consistently found a defendant's medical conditions, even taken with the pandemic, did not present an extraordinary and compelling medical reason warranting compassionate release. *See, e.g., United States v. Weeks*, No. 3:09cr019/MCR, ECF No. 95; *United States v. Harris*, No. 4:18cr115, 2020 WL 4462256, at *1-2 (N.D. Ohio Aug. 4, 2020) (although defendant suffered from heart failure, obesity, and primary hypertension, his "positive test for COVID-19 cannot demonstrate an extraordinary and compelling reason to justify release absent any [grave] symptoms, lasting complications, or inadequate care"); *United States v. Gibson*, No. 2:09cr42, 2020 4299630, at *3 (E.D. Tenn. July 27, 2020) (concluding immunocompromised defendant's motion for compassionate release was moot "in light of the fact that [he had] already contracted the virus," had "been in isolation and received medical care" in prison); *United States v. Epstein*, No. 3:14cr287, 2020 WL 2537648 (D.N.J. May 19, 2020) (denying elderly defendant's motion for compassionate release—despite underlying heart disease, hypertension, diabetes, renal impairment and obesity—where he already contracted the virus and the BOP isolated him, then "transport[ed] him to the hospital for treatment when his condition became critical, and the medical records reveal[ed] that the BOP continue[d] to [adequately] monitor or treat his ailments" thereafter); *United States v. Davis*, No. 2:06cr20020-2, 2020 WL 2395977, at *2 (C.D. Ill. May 12, 2020) (finding defendant's arguments regarding risk of contracting COVID-19 moot—despite

history of diabetes, hypertension and hyperlipidemia—where he had already contracted the virus and was "receiving healthcare in the facility"). Likewise here, the Court finds that Chavez has not shown extraordinary and compelling medical reasons to justify release.

Even if Chavez had not already contracted and recovered from COVID-19, compassionate release would be unwarranted because he has not shown, as he must, that a reduction in sentence would be consistent with the 18 U.S.C. § 3553(a) factors. *See* U.S.S.G. § 1B1.13(1)(B). Those factors include the nature and circumstances of the offense, and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment, adequate deterrence, protection of the public from further crimes, and effective treatment; and the need to avoid unwarranted sentence disparities. *See* 18 U.S.C. § 3553(a). The defendant has the burden to show that a reduction in sentence is warranted. *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020).

Chavez's four offenses of conviction, and the nature and circumstances surrounding them, were very serious.[1] He led a multi-year international conspiracy

---

[1] In 2008, Chavez was convicted of four offenses—one count of conspiring to distribute and possess with intent to distribute five or more kilograms of cocaine and 500 or more grams of methamphetamine; one count of conspiring to use a telephone to facilitate his drug-trafficking offense; one count of harboring an illegal alien for private financial gain; and one count of aiding and abetting an illegal alien in the possession of a firearm or ammunition. Chavez was originally

to obtain and distribute mass quantities of cocaine and methamphetamine throughout the Northern District of Florida. During that same period, he also harbored numerous illegal aliens for personal financial gain by employing them at his restaurant while concealing their immigration status, and he gave a firearm to one of them. After his arrest in this case, Chavez threatened the families of witnesses to prevent them from testifying against him. Since his incarceration, Chavez has repeatedly violated BOP rules by possessing illegal substances, a dangerous weapon, and hazardous tools. In light of these considerations, the Court concludes that the amended sentence of 360 months imposed in Chavez's case was and remains sufficient, but not greater than necessary to achieve the purposes of sentencing. Reducing Chavez's term of incarceration to time served, or even converting it to home confinement, would severely undermine the goals of sentencing as set forth in § 3553(a). The resulting sentence would not reflect the seriousness of Chavez's offenses, promot respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by Chavez. A reduction would also result in unwarranted sentencing disparities. In sum, the § 3553(a) factors strongly militate against a reduction in sentence.

---

sentenced to an aggregate term of life imprisonment,[1] but in August 2015, that sentence was reduced to 360 months based on a retroactive Guidelines change, *see* ECF No. 318. His current projected release date is December 3, 2033.

Case No. 3:07cr145/MCR

Based on the foregoing, the Court finds that Chavez has not shown that a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) is justified. The Court is sensitive to Chavez's concerns regarding COVID-19, but it is evident that he is receiving adequate care from the BOP.[2] In this case, a reduction in sentence cannot be reconciled with the § 3553(a) factors. Accordingly, Chavez's motion for compassionate release, ECF No. 324 is **DENIED**.[3]

**SO ORDERED**, on this 12th day of February, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] Fortunately, the Bureau of Prisons has implemented heightened safety measures for *all* of its correctional institutions, including quarantine and isolation procedures, to mitigate the risk of infections among inmates and staff. *See, e.g.*, Federal Bureau of Prisons, *BOP Implementing Modified Operations*, November 25, 2020, https://www.bop.gov/coronavirus/covid19_status.jsp. Chavez has not shown the BOP's action plan is inadequate to manage an outbreak within his facility, should that occur, or that the facility is specifically unable to adequately treat him.

[3] Additionally, Chavez's motion for appointment of counsel in connection with this motion, ECF No. 323, is denied as **MOOT**.